## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                         CRIMINAL ACTION NO.   3:14-00162

LORI MULLENS

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Lori Mullens' Motion for Discovery (ECF No. 14). Also pending is Defendant's Motion to Suppress Statements (ECF No. 16).   For reasons appearing to the Court, the Court **DENIES** Defendant's Motion for Discovery **AS MOOT** (ECF No. 14).   For the reasons below, the Court **DENIES** Defendant's Motion to Suppress Statements (ECF No. 16).

### I.      Background

Defendant is employed with the Office of the United States Attorney.   ECF No. 17. In February, 2014 Defendant's sister, Margaret Johnson, called Defendant's supervisor and alleged that Defendant had accessed her Facebook account without authorization.   ECF No. 17. Defendant's supervisor, First Assistant United States Attorney Carol Casto, called Defendant into her office to speak with her regarding these allegations.   ECF No. 17.   Ms. Casto maintains that she informed Defendant that Defendant need not answer any questions, and that if she did her answers could be used against her in future proceedings.   ECF No. 20.   Furthermore, Ms. Casto did not tell Defendant that she would lose her job if she refused to answer any questions.   ECF No. 20.   Defendant proceeded to answer Ms. Casto's questions.

Ms. Casto referred the matter to the Department of Justice Office of the Inspector General. ECF No. 17.   Special Agent Michael Fletcher was assigned to the case and asked Defendant to meet him for a voluntary interview.   ECF No. 17; ECF No. 20.   Before proceeding with the interview, Agent Fletcher provided Defendant with a written waiver.   ECF No. 20.   Agent Fletcher followed procedure meticulously and explained the waiver to Defendant.   Defendant then signed the waiver, which stated:

> This is a voluntary interview.   Accordingly, you do not have to answer questions.   No disciplinary action will be taken against you if you choose not to answer questions.
>
> Any statement you furnish may be used as evidence in any future criminal proceedings or agency disciplinary proceeding, or both.

ECF No. 20.   Defendant then answered Mr. Fletcher's questions and executed an affidavit detailing her answers.   Defendant has moved this court to suppress the statements she made to Ms. Casto and Agent Fletcher.   ECF No. 16.

## II.    Discussion

Defendant argues that she believed she was required to give statements to Ms. Casto and Agent Fletcher or risk losing her employment with the United States Attorney's Office.   ECF No. 16; ECF No. 17.   Furthermore, Defendant maintains that she was not properly warned that her statements could be used against her in a criminal proceeding.   ECF No. 16; ECF No. 17. Accordingly, Defendant argues that her statements should be suppressed under the rule set out in *Garrity v. State of New Jersey*, 385 U.S. 493 (1967).[1]

---

[1] *Garrity* does not directly address the issue of whether an employee must be warned when her statements may be used against her in criminal proceedings.   Rather, *Garrity* addresses threatening a government employee with loss of employment if the employee refuses to divulge incriminating information.   *Garrity*, 385 U.S. at 497.   With respect to Defendant's contention that Ms. Casto should have warned her that she could be prosecuted on the basis of her statements, Defendant appears to argue that Ms. Casto should have provided her with warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966).   *Miranda* warnings, however, are only required where the

Under *Garrity* and its progeny, a government employee cannot be coerced into making incriminating statements under threat of losing her employment and then be prosecuted on the basis of those statements.   *Garrity*, 385 U.S. at 497; *see United States v. Frazier*, 971 F.2d 1076, 1082 (4th Cir. 1992).   If an employee is forced to make incriminating statements, those statements may not be used against her in a subsequent criminal proceeding.   *See Garrity*, 385 U.S. at 497.   Alternatively, if an employee is not coerced but voluntarily provides incriminating statements, those statements may be used against her.   *See United States v. Indorato*, 628 F.2d 711, 714-15 (1st Cir. 1980) ("[T]here was no overt threat that defendant would be dismissed if he refused to answer the questions asked. . . . Neither *Garrity* nor any of its progeny brings defendant within the ambit of the coerced testimony doctrine."); *see also United States v. Locklear*, 829 F.2d 1314, 1318 (4th Cir. 1987) ("[Defendant's] statements were voluntary.   Consequently, we find no error resulted from admitting his statements into evidence.").

In the present case, Defendant was not forced to choose between foregoing her employment and making incriminating statements.   Both Ms. Casto's warnings and the waiver that Agent Fletcher provided explicitly state that if Defendant chose to remain silent, she would not be subject to disciplinary action based on that decision.   ECF No. 20.   Accordingly, Defendant was not threatened with the loss of her employment.   She may have faced a difficult decision, but there is no evidence of the type of coercion that was at issue in *Garrity*.   *See Garrity*, 385 U.S. at 497.   Moreover, Ms. Casto told Defendant that her statements might be used against her in future proceedings, and the waiver states that "[a]ny statement" may be used "in any future criminal proceedings or agency disciplinary proceeding."   ECF No. 20.   Defendant was thus explicitly warned that her statements could be used against her in a criminal proceeding.   The

---

defendant is in custody.   *Miranda*, 384 U.S. at 439.   Here, Defendant was questioned voluntarily in the office of her supervisor and was thus not in custody.   Accordingly, *Miranda* does not apply.

-3-

Court finds that she was properly advised but nonetheless chose to discuss the allegations her. Thus, the statements need not be suppressed under *Garrity*.  For these reasons, Defendant's Motion to Suppress Statements (ECF No. 16) is **DENIED**.

 The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:  September 30, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE